# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY ANDERSON, SR.,<br><br>                   Plaintiff,<br><br>vs.<br><br><br>COUNTY OF SAN DIEGO; HEALTH AND HUMAN SERVICE AGENCY; SHELLY PAULE; TONYA SLOAN; JANE SIMONE; CONNIE CAIN; RYAN MALLEY; DEBBIE REID; SYLVIA WILLIAMS; CANDACE COHEN; PAULA ROACH; KATHERINE R. BIRD; CANDI MAYES; JUDITH KLIEN; AND PERSONS AND ENTITIES UNKNOWN, CITY OF LEMON GROVE; LEMON GROVE SHERIFF'S DEPARTMENT; OFFICER SPILLMAN; OFFICER LADIEU, OFFICER ALLISTER; DETECTIVE CORNELIUS; OFFICER WEBER; OFFICER RINDER; AND PERSONS AND ENTITIES UNKNOWN, JUDY MATTHEWS, PHD., PERSONS AND ENTITIES UNKNOWN,<br><br>                   Defendants. | CASE NO. 10-CV-705 - IEG (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>**(2) GRANTING DEFENDANT CITY OF LEMON GROVE'S MOTION TO DISMISS**<br><br>**(3) GRANTING DEFENDANT JUDITH KLEIN'S MOTION TO DISMISS**<br><br>[Doc. Nos. 25, 29, 40] |

After the San Diego Superior Court terminated Plaintiff's parental rights, he filed suit in this Court seeking damages for constitutional violations he allegedly sustained when County

officials removed his six children from his custody.  Presently before the Court are motions to dismiss brought by (1) the County Defendants,[1] (2) the City of Lemon Grove, and (3) Judith Klein. For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss brought by the County Defendants and **GRANTS** the motions to dismiss brought by the City of Lemon Grove and Judith Klein.

## BACKGROUND

This action arises from injuries Plaintiff allegedly sustained when the San Diego County Health and Human Services Agency (the "Agency") removed his six children from his custody and continued to detain them in the course of juvenile dependency proceedings.  The Court summarizes the allegations in the amended complaint as follows.

On March 29, 2008, Plaintiff's 16 year old sister-in-law, JR, attacked him.  During the incident, Plaintiff's wife called the Sheriff's Department, and deputies arrived at Plaintiff's residence to investigate.

Because there were children living in the home, the incident prompted an investigation by the County of San Diego Health and Human Services Agency (the "Agency").  On April 2, 2008, social worker Defendant Silvia Williamson called Plaintiff to inform him that she had contacted Plaintiff's daughter, P, at school about the incident involving JR.  Plaintiff asked Williamson not to speak with his children without Plaintiff present.  The next day, Williamson called Plaintiff to schedule a time to meet.  Plaintiff reiterated his desire that Williamson not speak with his children without Plaintiff present, and Williamson stated that she was no longer investigating the children because they were fine and showed no signs of physical abuse.

On April 4, 2008, Plaintiff observed Williamson at the children's school.  That same day Plaintiff received a call from a Sheriff's deputy, Defendant Cornelius, inquiring whether he would be home.  About 30 minutes after the call, Williamson and Cornelius, among others, arrived at the house and took Plaintiff's children to a child welfare office.  Plaintiff demanded to see a warrant

---

[1] The County Defendants include: County of San Diego (erroneously sued as "Lemon Grove Sheriff's Department" and "Health and Human Services Agency"), Cathy Allister, Connie Cain, Candace Cohen, Alton Cornelius, David Ladieu, Candi Mayes, Shelly Paule, Cliff Rinder, Paula Roach, Tanya Sloan, Jane Simone, Daryl Spillman, Jeffrey Weber, and Silvia Williamson.

2

and a court order, but Williamson refused, saying that "another social worker will be assigned to the case." That night, Williamson called Plaintiff at 11:00 p.m. and apologized, stating that the removal was only temporary and part of the Agency's procedure when there is domestic violence in the home.

On April 9, 2008, Plaintiff attended a hearing in juvenile dependency court. There, he met social worker Defendant Tanya Sloan. Plaintiff was represented at the hearing by attorney Michael Powers.

The next day, April 10, 2008, Plaintiff learned more about the accusations against him. JR had accused Plaintiff of sexual abuse. For a second time, Plaintiff tried to obtain an incident report and was unsuccessful. The same day in juvenile court, Judge Campos ordered that Plaintiff's children be placed with family members or a foster home of the parents' choosing.

Over the next few months in the family court proceedings, social worker Defendants Silvia Williamson and Tanya Sloan submitted reports containing disturbing allegations about Plaintiff. These included allegations of physical, emotional, and sexual abuse. Plaintiff maintains that Williamson and Sloan fabricated most, if not all, of the allegations.

Plaintiff filed a complaint in this Court on April 2, 2010, and an amended complaint on April 5, 2010. (Doc. Nos. 1, 2.) The County Defendants, the City of Lemon Grove, and Judith Klein filed motions to dismiss. (Doc. Nos. 25, 29, 40.) Plainitff filed an opposition. (Doc. No. 44.) Defendants did not file replies. After taking the matter under submission, the Court instructed the County Defendants to obtain records from the juvenile court proceedings and file them under seal. (Doc. No. 42.) The Court received those records on March 10, 2011.[2]

In his amended complaint, Plaintiff asserts ten federal civil rights claims: violation of Fourth Amendment for seizing children (4th and 5th causes of action); violation of Fourth

---

[2] The Court takes judicial notice of all juvenile court records submitted under seal. Rule 201 of the Federal Rules of Evidence allows the Court to take judicial notice of matters that are "capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned." Materials from a proceeding in another tribunal are appropriate for judicial notice. Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). The Court also takes judicial notice of the California Supreme Court's October 2009 denial of Plaintiff's petition for review. See Cal. App. Courts, available at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=1381013&doc_no=D054070 (last visited March 17, 2011).

Amendment for entering home to seize children (6th and 7th causes of action); violation of Fourteenth Amendment due process and interference with privacy and family association for removing children without a warrant (8th and 9th causes of action); violation of 42 U.S.C. § 1985 for conspiracy to unlawfully seize Plaintiff's children without a warrant (10th and 11th causes of action); and municipal liability (12th and 13th causes of action). Plaintiff also asserts a number of state law claims.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, factual allegations asserted by pro se plaintiffs, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner,

4

404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988).

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (citation omitted), amended on other grounds, 275 F.3d 1187 (9th Cir.2001); see also Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

## DISCUSSION

**I.  County Defendants' Motion to Dismiss**

**A   Affirmative Defenses**[3]

In their motion to dismiss, the County Defendants argue that allowing Plaintiff to proceed on his claims would require the relitigation of issues that were tried and decided in the state court dependency proceedings. See County Defs.' Mot. at 7-8. Accordingly, the County Defendants maintain that Plaintiff's claims are subject to dismissal based on the Rooker-Feldman doctrine, claim preclusion, and issue preclusion. Id.

   1.   Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, a federal district court does not have jurisdiction to hear a direct appeal from a final state court judgment. See Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). The Rooker-Feldman doctrine also applies to de facto appeals, as well as any issue that

---

[3] In addition to the affirmative defenses that follow, County Defendants maintain they are immune from suit. See County Defs.' Mot. at 10-11. However, because they have not specified which Defendants are immune or articulated the scope of such immunity and how it relates to Plaintiff's causes of action or the underlying conduct relating thereto, County Defendants have failed to establish an immunity defense at this time.

is "inextricably intertwined" with the state court judgment from which the forbidden de facto appeal is brought. Id. at 1158. The Court agrees with the County Defendants that Plaintiff's claims arise from the same of set of events underlying the state court dependency proceedings. However, because Plaintiff does not seek relief from that judgment nor does he allege injuries arising directly therefrom, the Court concludes that this case falls outside the narrow range of cases the Ninth Circuit has deemed appropriate for application of the Rooker-Feldman doctrine. See Noel, 341 F.3d at 1163. To the extent Plaintiff asserts a claim that "denies a legal conclusion that the state court has reached," principles of preclusion determine whether the County Defendants prevail based upon the state court judgment. Id. at 1164 (quoting GASH Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728-29 (7th Cir. 1993) (Easterbrook, J.)).

### 2. Claim Preclusion

Claim preclusion and issue preclusion are governed by state law. 28 U.S.C. § 1738; Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990). Claim preclusion bars a second lawsuit between the same parties on the same cause of action. People v. Barragan, 83 P.3d 480, 492 (Cal. 2004). In their motion to dismiss, County Defendants do not identify which of the present Defendants were also parties to the first action in Superior Court. See Mycogen Corp. v. Monsanto Co., 51 P.3d 297 (Cal. 2002) (explaining claim preclusion applies to actions "between the same parties"). Nor do the County Defendants identify which, if any, of Plaintiff's claims could have been asserted in the prior action in juvenile court. See Hulsey v. Koehler, 218 Cal. App.3d 1150, 1157 (Cal. Ct. App. 1990) (explaining that claim preclusion applies to "every matter which was urged, and every matter which might have been urged"). Accordingly, the Court concludes that the County Defendants have not established a claim preclusion defense.

### 3. Issue Preclusion

Issue preclusion, or collateral estoppel, precludes the relitigation of issues that were actually tried and litigated in prior proceedings. Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990). The doctrine applies if threshold requirements are met: (1) the issue to be precluded must be identical to that decided in the prior proceeding, (2) the issue must have been actually

litigated at that time, (3) the issue must have been necessarily decided, (4) the decision in the prior proceeding must be final and on the merits, and (5) the party against whom preclusion is sought must be in privity with the party to the former proceeding." People v. Garcia, 141 P.2d 197, 201 (Cal. 2006).

### a. Initial Removal of Plaintiff's Children

Plaintiff alleges that on April 4, 2008, Defendants Cornelius and Williamson, along with other unidentified individuals, entered Plaintiff's home and removed the children from his custody without consent and without a warrant. The County Defendants submitted under seal juvenile records indicating that, at the April 9-10, 2008 detention hearing, the Agency presented the juvenile court with evidence supporting the lawfulness of the initial removal. However, the records do not establish that the lawfulness of the initial removal was "actually litigated." Nor was that issue essential to the court's ruling that continued detention of the children was necessary. See Cal. Welf. & Inst. Code §§ 315, 319. Therefore, the issue was not "necessarily decided." See Ortega v. Clark, 2011 WL 836436, at *10 (E.D. Cal. Mar. 3, 2011) ("The determination of whether an issue was necessarily decided turns on whether the issue of fact or law was actually litigated and determined by a valid and final judgment and is *essential* to that judgment.") (emphasis added). Accordingly, the County Defendants have not established an issue preclusion defense as to the initial removal of the children.

### b. Continued Detention of Plaintiff's Children

Plaintiff also disputes the lawfulness of the continued detention of his children. However, the juvenile records establish the juvenile court and the California Court of Appeal conclusively determined the Agency was justified in its continued detention of the children. Following the April 9-10, 2008 detention hearing, and following a contested adjudication that concluded on October 30, 2008, the juvenile court concluded that continued detention of the children was necessary, and that there was no reasonable means to protect the children's health without removing them from Plaintiff's custody. The court found the social workers and the children to be credible, and the court did not find Plaintiff to be credible. On appeal of the juvenile court's findings and orders, Plaintiff argued that the juvenile court erred when it removed the children

from his custody. The California Court of Appeal disagreed, concluding that Plaintiff's argument was "meritless" and contradicted by "overwhelming evidence." The Supreme Court of California denied Plaintiff's petition for review in October 2009. Because the state court proceedings conclusively decided the lawfulness of the continued detention of Plaintiff's children, Plaintiff is precluded from relitigating those issues in this Court. The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims to the extent he disputes the lawfulness of the continued detention of his children.

### B. Section 1983 Claims

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives a person of his or her constitutional rights. See 42 U.S.C. § 1983. Plaintiff alleges that on April 4, 2008, Defendants Cornelius and Williamson, along with other unidentified individuals, removed his children from his custody without his consent and without a warrant.

#### 1. Fourth Amendment Claims[4]

The seizure of Plaintiff's children does not implicate Plaintiff's Fourth Amendment rights. See P.C. Connecticut Dept. of Children and Families, 662 F. Supp.2d 218, 232 (D. Conn. 2009) (holding that seizure of children did not implicate the Fourth Amendment rights of the children's parents) (citing cases). Meanwhile, Plaintiff cannot bring claims on behalf of his children while acting in pro per. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding that a guardian or parent cannot bring a lawsuit on behalf of a minor child without retaining a lawyer). Even if Plaintiff were represented by counsel, he would lack standing to pursue Fourth Amendment claims on behalf of his children. Compare Am. Compl. ¶ 18 (alleging County Defendants seized children, not Plaintiff), with Osborne v. County of Riverside, 385 F. Supp.2d 1048, 1052 (C.D. Cal. 2005) ("a person does not have standing to vicariously assert the Fourth Amendment rights of another person.") (citing Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Fourth Amendment claims.

---

[4] Plaintiff uses the term "unreasonable search and seizure," but aside from scattered conclusory references, Plaintiff does not allege the officers or social workers searched his home.

8

### 2. Fourteenth Amendment Claims

The Fourteenth Amendment protects the right to familial association and guarantees that parents cannot be separated from their children without due process of law, except in emergencies. Mabe v. San Bernardino County Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1107 (9th Cir. 2001). Government officials may not remove children from their parents' custody unless they have "reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007); see also Cal. Welf. & Inst. Code § 305(a) (requiring that a peace officer have "reasonable cause" for believing a minor is in imminent danger of abuse to take the minor into temporary custody without a warrant).

Plaintiff has alleged facts giving rise to a claim that Defendants Cornelius and Williamson violated his Fourteenth Amendment rights when they removed the children from his custody without a warrant. The Court **DENIES** the County Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claims as they relate to Defendants Cornelius and Williamson. However, because Plaintiff's amended complaint does not contain allegations against any other individuals, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment claims against all other individual County Defendants.

**C.    Section 1985 Claims**

Plaintiff has also asserted two causes of action under 42 U.S.C. § 1985. Section 1985 "proscribes conspiracies to interfere with civil rights." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir.1990). Liability under Section 1985 is premised on a finding of some racial or other class-based discriminatory animus behind defendants' actions. See Griffen v. Breckenridge, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action."). Plaintiff must allege specific "facts to support the allegation that defendants conspired together" and "[a] mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).

1    Plaintiff alleges a conspiracy "motivated by invidious discrimination against Plaintiff on
2 the basis of their perceived sexual orientation, as evidenced by comments in reports about incest,
3 rape, [and] swinger relationships." Am. Compl. ¶ 159. However, aside from conclusory
4 allegations that Defendants violated his rights under § 1985, Plaintiff's amended complaint does
5 not contain any facts supporting an allegation of conspiracy based upon animus. See Am. Compl.
6 ¶¶ 156-70. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's § 1985
7 claims.

   **D.    Monell Claims**

   A local government may be held liable under Section 1983 only if the plaintiff can demonstrate that the government's official policy or custom was the "moving force" responsible for infliction of her injuries. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). In this case, Plaintiff's allegations pertain exclusively to the initial and continued removal of his children by County officials. See generally Am. Compl. "A plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee." McDade v. West, 223 F.3d 1135, 1141 (9th Cir.2000). The Court is not bound to accept Plaintiff's unsupported legal conclusions as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Monell claims.

   **E.    State Law Claims**

   Plaintiff has asserted a number of state law claims. Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for damages against a public entity or a public employee unless he timely files a notice of tort claim. Cal. Gov't Code §§ 905, 911.2, 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). A plaintiff's failure to allege compliance with the presentation requirement of the CTCA results in dismissal of the state law claim. Because Plaintiff has not alleged that he complied with the CTCA prior to initiating this action, see generally Am. Compl., the Court **DISMISSES WITHOUT**

1 **PREJUDICE** Plaintiff's state law claims.

2 **II.  Defendant Judith Klein's Motion to Dismiss**

3   Defendant Klein filed a motion to dismiss, and she also filed a Notice of Joinder to the County Defendants' motion to dismiss. (Doc. No. 38.) Because Klein is referenced only in Plaintiff's nineteenth cause of action for injunctive relief, and because the Court has already dismissed that cause of action, the Court need not address Klein's separate motion to dismiss. The Court **DISMISSES WITHOUT PREJUDICE** Judith Klein from this action.

8 **III.  Defendant City of Lemon Grove's Motion to Dismiss**

9   The City of Lemon Grove ("the City") acknowledges Plaintiff's allegations regarding the "Lemon Grove Sheriff's Department" and asserts that, while there is a Sheriff's Department substation in Lemon Grove, the Sheriff's Department is a County entity. See Def.' City's Mot. at 2. The City contends it does not maintain its own police department or police agency. Id. The Court grants the City's request for judicial notice of a public record indicating that the Sheriff's Department substation in Lemon Grove is a County entity. See Def. City's Request for Judicial Notice, Ex. A. Because Plaintiff's complaint does not contain any allegations against the City, (other than those based on the incorrect notion that the Sheriff's Department is a City entity), the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against the City.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

The Court **GRANTS IN PART** and **DENIES IN PART** the County Defendants' motion to dismiss. The Court **GRANTS** Defendant City of Lemon Grove's motion to dismiss and Defendant Judith Klein's motion to dismiss.

In accordance with the foregoing, the Court **DISMISSES WITH PREJUDICE** the following claims:

- Plaintiff's fourth, fifth, sixth, and seventh causes of action.
- Plaintiff's eighth, and ninth causes of action, except as they relate to the initial removal of the children.

The Court **DENIES** the County Defendants' motion to dismiss Plaintiff's eighth and ninth causes of action as they relate to the initial removal of the children.

The Court **DISMISSES WITHOUT PREJUDICE** the following claims:

- Plaintiff's first, second, third, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth causes of action.

The Court **DISMISSES WITHOUT PREJUDICE** all Defendants except Defendants Cornelius and Williamson.

If Plaintiff wishes to file an amended complaint, he must do so **within 21 days** of the filing of this order. The amended complaint should only make the revisions discussed above, should be a complete document without reference to any prior pleading, and should not add any new causes of action.

IT IS SO ORDERED.

DATED: March 29, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**