| | |
|---|---|
| 1 | THOMAS E. MONTGOMERY, County Counsel (State Bar No. 109654) |
| | County of San Diego |
| 2 | By RICKY R. SANCHEZ, Senior Deputy (State Bar No. 107559) |
| | 1600 Pacific Highway, Room 355 |
| 3 | San Diego, California 92101-2469 |
| | Telephone: (619) 531-4874;  Fax: (619) 531-6005 |
| 4 | E-mail: ricky.sanchez@sdcounty.ca.gov |
| 5 | Attorneys for Defendants Alton Cornelius and Sylvia Williamson (erroneously issued as "Sylvia Williams") |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PERCY ANDERSON, SR., | ) | No. 10-cv-0705-IEG(MDD) |
| Plaintiff, | ) | ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |
| v. | ) | |
| COUNTY OF SAN DIEGO; HEALTH AND HUMAN SERVICE AGENCY; SHELLY PAULE; TONYA SLOAN; JANE SIMONE; CONNIE CAIN; RYAN MALLEY; DEBBIE REID; SYLVIA WILLIAMS; CANDACE COHEN; PAULA ROACH; KATHERINE R. BIRD; CANDI MAYES; JUDITH KLIEN; AND PERSONS AND ENTITIES UNKNOWN, CITY OF LEMON GROVE; LEMON GROVE SHERIFF'S DEPARTMENT; OFFICER SPILLMAN; OFFICER LADIEU, OFFICER ALLISTER; DETECTIVE CORNELIUS; OFFICER WEBER; OFFICER RINDER; AND PERSONS AND ENTITIES UNKNOWN, JUDY MATTHEWS, PHD., PERSONS AND ENTITIES UNKNOWN, | ) | |
| Defendants. | ) | |

Defendants Alton Cornelius and Sylvia Williamson (erroneously issued as "Sylvia Williams") answers the complaint filed herein by admitting, denying and alleging as follows:

10-cv-0705-IEG(MDD)

A.   In response to paragraph 2 of the complaint, Defendants admit the allegations contained therein.

B.   In response to paragraphs 1, 3 through 89, 108, 115, 122, 129, 136 and 146 of the complaint, Defendants lack sufficient information and belief to admit or deny the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

C.   In response to paragraphs 109 through 121, 123 through 128, 130 through 135, 137 through 145, and 147 through 155 of the complaint, Defendants deny the allegations contained therein.

D.   In compliance with the Court's Order Dismissing with Prejudice Certain Claims dated April 22, 2011 (Doc. No. 56), Defendants do not answer the balance of the complaint.  To the extent an answer is required, defendants deny all other allegations in the complaint.

AFFIRMATIVE DEFENSES

1

(Failure to State Causes of Action)

As a first, separate and distinct affirmative defense, defendants allege that the complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2

(Contributory Negligence)

As a second, separate and distinct affirmative defense, defendants allege that plaintiff himself acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that plaintiff did not exercise ordinary care, caution or prudence for his own safety and protection.  These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any.  However, if defendant is found legally responsible to plaintiff, then defendant provisionally alleges that their acts or omissions were not the sole and

1  proximate cause of plaintiff's injuries and damages and that the damages awarded are to
2  be apportioned according to the respective fault and legal responsibility of all parties,
3  persons and entities who contributed to and/or caused the injuries and damages,
4  according to proof presented at the time of trial.

3

(Failure to Mitigate)

As a third, separate and distinct affirmative defense, defendants allege that plaintiff has failed, refused, and neglected to reasonably mitigate his damages, which bars or diminishes any recovery.

4

(Discretionary Immunity)

As a fourth, separate and distinct affirmative defense, said defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.2 of the Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

5

(Exercise of Due Care)

As a fifth, separate and distinct affirmative defense, defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

6

(Good Faith)

As a *, separate and distinct affirmative defense, defendants allege that they are not liable by operation of section 820.6 of the Government Code for injury caused by acts, in good faith, under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

///

7

(Judicial or Administrative Proceeding)

As a seventh, separate and distinct affirmative defense, defendants allege that they are not liable by operation of sections 815.2, subdivision (b), and 821.6 of the Government Code in that the injuries and damages, if there were any, were caused by the institution or prosecution of a judicial or administrative proceeding.

8

(Immunity for Reporting Child Abuse)

As an eighth, separate and distinct affirmative defense, defendants allege that they are not liable for injuries arising out of the reporting of a known or suspected instance of child abuse, pursuant to section 11172 of the Penal Code and section 16513 of the Welfare and Institutions Code.

9

(Alleged Failure to Arrest or Retain)

As a ninth, separate and distinct affirmative defense, defendants allege that they are not liable for injuries caused by the failure to make an arrest or by the failure to retain an arrested person in custody, pursuant to section 846 of the Government Code.

10

(Reasonable Force)

As a tenth, separate and distinct affirmative defense, defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code, and section 835a of the Penal Code in that the physical force and contact utilized was reasonable to effect a lawful arrest, to prevent escape or to overcome resistance.

///
///
///
///
///

11

(Necessary Force to Defend)

As an eleventh, separate and distinct affirmative defense, defendants allege that they are not liable by operation of section 815.2, subdivision (b), of the Government Code and section 835a of the Penal Code in that the physical force and contact utilized were reasonable for the lawful defense of the officer(s) and/or others.

12

(Qualified Immunity)

As a twelfth, separate and distinct affirmative defense, defendant alleges that they are entitled to qualified immunity from liability under title 42, United States Code section 1983.

13

(Statute of Limitations)

As a thirteenth, separate and distinct affirmative defense, defendants allege that the action is barred by the statute of limitations (including but not limited to Section 335.1 of the Code of Civil Procedure).

14

(Failure to Exhaust Administrative Remedies)

As a fourteenth, separate and distinct affirmative defense, defendants allege that the action is barred by plaintiff's failure to exhaust administrative remedies, including but not limited to, internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over plaintiff's(s') claims.

WHEREFORE, said defendants pray as follows:

1. That the action be dismissed with prejudice;
2. That plaintiff take nothing by his action;

///

///

///

1  3. That defendants recover their costs of suit incurred herein, including
2  attorneys' fees; and
3  4. For such other and further relief as the Court deems proper and just.

4  DATED:  April 29, 2011           THOMAS E. MONTGOMERY, County Counsel

5                                                   By: s/ RICKY R. SANCHEZ, Senior Deputy
                                                     Attorneys for Defendants Alton Cornelius and
6                                                   Sylvia Williamson (erroneously sued as
                                                     "Sylvia Williams")
7                                                   E-mail: ricky.sanchez@sdcounty.ca.gov

- 6 -

10-cv-0705-IEG(MDD)

Declaration of Service

I, LAURA COMETA, declare:

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California

On April 29, 2011, I served the following documents: **Answer To Complaint; Demand For Jury Trial** in the following manner:

☒    By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

Percy Anderson, Sr.
7976 Alton Drive
Lemon Grove, California 91945
(619) 408-3424
(Plaintiff in pro per)

☒    By electronic filing, I served each of the above referenced documents by E filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

| | |
|---|---|
| James P. Lough, Esq.<br>Lounsbery Ferguson Altona & Peak<br>960 Canterbury Place, # 300<br>Escondido, California 92025<br>(760) 743-1201; Fax: (760) 743-9926<br>E-mail: jpl@lfap.com<br>(Attorneys for Defendant City of Lemon Grove) | John D. Klinedinst, Esq.<br>Susan K. Chelsea, Esq.<br>501 West Broadway, Suite 600<br>San Diego, California 92101<br>(619) 239-8131; (619) 238-8707 (fax)<br>E-mail: jklinedinst@klinedinstlaw.com<br>(Attorneys for Defendant Judith Klein) |

Executed on April 29, 2011, at San Diego, California.

_/s/ Laura Cometa_
LAURA COMETA

Percy Anderson, Sr. v. County of San Diego, et al.; USDC No. 10-cv-705-IEG(AJB)